IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALONZO ALVIN SEAY, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-906 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Alonzo Alvin Seay, brings this action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division. He challenges a conviction for possession of a controlled substance with intent to deliver in cause number 960,426, in the 262nd District Court of Harris County, Texas. The state trial court convicted Petitioner on March 4, 2004.

Petitioner raises these grounds for relief:

1.   The trial court infringed on Petitioner's right to a fair trial when the court commented on the weight of the evidence.

2.   Petitioner's attorney was ineffective in failing to object to the trial court's comment on the weight of the evidence.

3.   Petitioner is entitled to a retroactive application of the holding in *Crawford v. Washington*, 541 U.S. 36 (2004) concerning the Confrontation Clause.

4.   Petitioner's appellate counsel was ineffective for failing to a raise a Confrontation Clause claim on appeal.

1

**I.      EXHAUSTION REQUIREMENT**

A person in custody under the judgment of a state court must exhaust his state court remedies before applying for habeas corpus relief in federal court. *See* 28 U.S.C. §2254(b); *Coleman v. Thompson*, 501 U.S. 722 (1991). Exhaustion requires that the federal claims have been fairly presented to the highest court of the state, the Texas Court of Criminal Appeals, either on direct review of the conviction or in a post-conviction attack. *See Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).

Petitioner admits that he has filed a state writ application concerning this conviction which is currently pending in the Texas Court of Criminal Appeals. *See* Original Petition, p. 3-4, ¶ 11. The records of the Texas Court of Criminal Appeals confirm this. *See* http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp. The records of the Texas Court of Criminal Appeals show that on February 1, 2006, the Court remanded the state habeas application "so that the State will have an opportunity to respond to Applicant's claims and so that the trial court may enter findings of fact and conclusions of law." *Id*. In its remand order the Court opined "that additional information is needed before this Court can render a decision on these grounds for review, including affidavits from trial counsel and appellate counsel addressing Applicant's ineffective assistance of counsel claims" and that the "trial court may also order depositions, interrogatories, or hold a hearing." *Id*. The Court further stated that "resolution of the issues shall be accomplished by the trial court within 90 days of the date of this order" and that "any extensions of this time period shall be obtained from this Court." *Id*.

The federal courts should not adjudicate a federal writ application while a petitioner has claims under review by the state courts, even if the pending state claims are not those raised in federal court. *Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"); *accord Fuller v. State of Fla.*, 473 F.2d 1383, 1384 (5th Cir. 1973) ("So long as [Fuller's] direct appeal remained pending and absent a showing that his state appeal remedy was inadequate, his state remedies had not been exhausted."). Petitioner's claims remain unexhausted under the principles of comity embodied in 28 U.S.C. § 2254.

## II.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes " a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard " includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, where claims have been dismissed on the merits, the petitioner " must demonstrate that reasonable jurists would find the district court' s assessment of the constitutional claims debatable or wrong." *Id*.

On the other hand, there is a two-prong test when the denial of relief is based on

procedural grounds. In that situation, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2000); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that petitioner is not entitled to a certificate of appealability in this instance.

### III. CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED** that the Petition is **DISMISSED without prejudice** for failure to exhaust available remedies on Petitioner's claims. It is further

**ORDERED** that a certificate of appealability **shall not issue**.

Signed at Houston, Texas, on **March 22, 2006.**

_____
Nancy F. Atlas
United States District Judge